# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| L2 MOBILE TECHNOLOGIES LLC,<br><br>   Plaintiff<br><br>   v.<br><br>TCL ELECTRONICS HOLDINGS LIMITED; TCL INDUSTRIES HOLDINGS CO., LIMITED; TCL TECHNOLOGY GROUP CORPORATION; TCL COMMUNICATION TECHNOLOGY HOLDINGS LIMITED; TCL COMMUNICATION LIMITED; TCT MOBILE WORLDWIDE LIMITED; TCT MOBILE INTERNATIONAL LIMITED; TCT MOBILE, INC.; TCT MOBILE (US) INC.; and TCT MOBILE (US) HOLDINGS INC.,<br><br>   Defendants. | Civil Action No. 1:22-cv-01306-JDW<br><br>**JURY TRIAL DEMANDED** |

## JOINT CLAIM CONSTRUCTION CHART

Pursuant to Paragraph 12 of the Court's Scheduling Order (ECF No. 39), Plaintiff[1] ("L2MT") and Defendants[2] ("TCL") hereby set forth their proposed constructions of certain claim terms in certain asserted claims of the patents-in-suit. The parties' respective positions are set forth in Exhibit 1 attached hereto.

The parties reserve their rights to amend and/or supplement their constructions as presented in Exhibit A in their claim construction briefs. The parties reserve the right to rely on additional intrinsic evidence to the extent it is necessary to provide additional context or to rebut arguments made by the other party during claim construction briefing. The parties further reserve the right to rely on any intrinsic evidence identified by the other party. The parties also reserve their rights

---

[1] <u>Plaintiff's Statement</u>: On August 16, 2023, one week before the due date for this Joint Chart, L2MT sent TCL's counsel a request to continue their earlier-held meet-and-confer for the purpose of having TCL articulate the basis for its assertion of indefiniteness of four claim terms. TCL's counsel stated that it believed it had met its meet and confer obligation by meeting L2MT's counsel the day before, and that it was not available for a follow-up discussion until after the due date for this Joint Chart.

[2] <u>Defendants' Statement</u>: On June 30, 2023, Defendants' counsel sent a letter to Plaintiff's counsel requesting that Plaintiff reduce the number of asserted claims in this case (which currently stands at 32) in advance of the claim construction process. Plaintiff's counsel did not respond to the letter. On August 23, 2023, the parties met and conferred in anticipation of preparing the instant joint claim construction chart. During the meet and confer, Plaintiff's counsel declined to reduce the number of Plaintiff's asserted claims in advance of the claim construction process. Also, after the meet and confer, Plaintiff's counsel requested a second discussion to address Defendants' indefiniteness positions in more detail. This second discussion is set to occur tomorrow (August 24, 2023).

to rely on extrinsic evidence. The parties' citations to passages from a particular Asserted Patent's written description are intended to include all figures referenced therein, whether or not referenced.

Copies of the patents and portions of the prosecution histories relied upon by the parties are attached, as follows:

| **Exhibit No.** | **Document Description** |
|---|---|
| 1 | Joint Claim Construction Chart identifying the term(s)/phrase(s) of the claim(s) in issue and each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions |
| 2 | U.S. Patent No. 8,483,144 |
| 3 | U.S. Patent No. 8,179,913 |
| 4 | U.S. Patent No. 8,054,777 |
| 5 | Excerpts of U.S. Patent No. 8,483,144 File History |
| 6 | Excerpts of U.S. Patent No. 8,179,913 File History |
| 7 | Excerpts of U.S. Patent No. 8,054,777 File History |

| | |
|---|---|
| Date: August 23, 2023 | Respectfully submitted, |
| OF COUNSEL: | BAYARD, P.A. |
| Timothy P. Maloney (admitted *pro hac vice*)<br>Joseph F. Marinelli (admitted *pro hac vice*)<br>Alvaro Cure Dominguez (admitted *pro hac vice*)<br>FITCH, EVEN, TABIN & FLANNERY LLP<br>120 South LaSalle Street, Suite 2100<br>Chicago, Illinois 60603<br>(312) 577-7000<br>tim@fitcheven.com<br>jmarinelli@fitcheven.com<br>acure@fitcheven.com | */s/ Ronald P. Golden III*<br>Stephen B. Brauerman (#4952)<br>Ronald P. Golden III (#6254)<br>600 N. King Street, Suite 400<br>Wilmington, Delaware 19801<br>(302) 655-5000<br>sbrauerman@bayardlaw.com<br>rgolden@bayardlaw.com<br>*Counsel for Plaintiff* |
| OF COUNSEL: | BARNES & THORNBURG LLP |
| Donald R. McPhail<br>Eric W. Schweibenz<br>Alexander B. Englehart<br>OBLON, MCLELLAND, MAIER & NEUSTADT LLP<br>1940 Duke Street<br>Alexandria, VA 22314<br>dmcphail@oblon.com<br>eschweibenz@oblon.com<br>aenglehart@oblon.com | */s/ Chad S.C. Stover*<br>Chad S.C. Stover (No. 4919)<br>222 Delaware Avenue, Suite 1200<br>Wilmington, DE 19801<br>chad.stover@btlaw.com |

# EXHIBIT 1

| Term, Clause, or Phrase | Defendant's Preliminary Proposed Construction | Plaintiff's Preliminary Proposed Construction |
|---|---|---|
| re-initiating the random access preamble procedure when receiving a contention resolution message of an RRC connection re-establishment procedure initiated by a different UE<br><br>('144 patent: claims 1, 8) | No construction necessary: plain and ordinary meaning<br><br>**Intrinsic Evidence:**<br>Ex. 2 at claims 1 and 8; 4:39-42, 6:3-12, Fig. 4;<br>Ex. 5 at L2-TCL002249-59; L2-TCL002408–2418; L2-TCL002470–2479; L2-TCL002499–2510 | re-initiating the random access preamble procedure in response to receiving a contention resolution message of an RRC connection re-establishment procedure initiated by a different UE<br><br>**Intrinsic Evidence:**<br>Ex. 2 at 2:24–41, 2:43–53, 4:44–53, 5:29–32, 5:33–64, 5:65–6:12, 6:13–18, Fig 4;<br>Ex. 5, L2-TCL0002408–2418; L2-TCL0002470–2479; L2-TCL0002499–2510 |
| re-initiating/reinitiating the random access preamble procedure when receiving a contention resolution message of an RRC connection establishment procedure initiated by a different UE<br><br>('144 patent: claims 15, 22) | No construction necessary: plain and ordinary meaning<br><br>**Intrinsic Evidence:**<br>Ex. 2 at claims 15 and 22; 4:39-42, 6:3-12, Fig. 4;<br>Ex. 5 at L2-TCL002249-59; L2-TCL002408–2418; L2-TCL002470–2479; L2-TCL002499–2510 | re-initiating/reinitiating the random access preamble procedure in response to receiving a contention resolution message of an RRC connection establishment procedure initiated by a different UE<br><br>**Intrinsic Evidence:** |

| | | Ex. 2 at 2:24–41, 2:43–53, 4:44–53, 5:29–32, 5:33–64, 5:65–6:12, 6:13–18, Fig 4; Ex. 5, L2-TCL0002408–2418; L2-TCL0002470–2479; L2-TCL0002499–2510 |
|---|---|---|
| only reestablishing the receiving side in the RLC entity of the communications device<br><br>('777 patent: claims 1 and 2) | only changing the originally configured values for the RLC entity of the communications device in the receiving side, which is different from a reset procedure<br><br>**Intrinsic Evidence:**<br>Ex. 4 at claims 1 and 2<br>Ex. 7 at L2-TCL001017–1026; L2-TCL001223–1232 | reestablishing the receiving side without reestablishing the transmitter side<br><br>**Intrinsic Evidence:**<br>Ex. 4 at 2:6–14<br>Ex. 7, L2-TCL0001017–1026; L2-TCL0001223–1232 |
| reestablishing the receiving side<br><br>('777 patent: claims 1 and 2) | changing the originally configured values for the RLC entity in the receiving side, which is different from a reset procedure<br><br>**Intrinsic Evidence:**<br>Ex. 4 at claims 1 and 2<br>Ex. 7 at L2-TCL001017–1026; L2-TCL001223–1232 | executing a procedure that includes resetting state variables specified for the receiver side to their initial values and setting configurable parameters to their configured values<br><br>**Intrinsic Evidence:**<br>Ex. 4 at 2:6–14<br>Ex. 7, L2-TCL0001017–1026; L2-TCL0001223–1232 |

| | | |
|---|---|---|
| accurately reestablishing the receiving side<br><br>('777 patent: claim 2) | Indefinite<br><br>**Intrinsic Evidence:**<br>Ex. 4 at claim 2, 3:8-11; 2:51-56; 4:37-40; 5:58-65; 6:4-9 | TCL has not articulated a basis for its assertion of indefiniteness. L2MT is therefore unable to respond at this time to TCL's indefiniteness assertion; L2MT reserves its right to respond when TCL discloses the basis for its indefiniteness assertion.<br><br>No construction is necessary; the proposed term/phrase is only present in the preamble of the claim and therefore the claim term/phrase is nonlimiting<br><br>Alternatively, "correctly reestablishing the receiver side"<br><br>**Intrinsic Evidence:**<br>Ex. 4 at 1:53–2:17; at 2:42–61 |
| control circuit<br><br>('777 patent: claim 2) | Indefinite, 112 ¶ 6<br><br>Function: for realizing functions of the wireless communications device<br><br>Structure: none disclosed (Indefinite) | No separate construction necessary<br><br>Alternatively, if the term is determined to be means-plus-function, it should be construed as follows: |

| | | **Intrinsic Evidence:**<br>Ex. 4 at claim 2, 4:43–62, Figs. 1, 2 & 3 | Function: realizing functions of the communications device<br><br>Structure: hardware and/or software that includes a processor that executes program code accessible from a memory, as disclosed in Figures 1–3 and the text of the specification describing those figures<br><br>**Intrinsic Evidence:**<br>Ex. 4 at 4:43–62, Figs. 1, 2 & 3 |
|---|---|---|---|
| control circuit<br><br>('913 patent: claim 3) | | Indefinite, 112 ¶ 6<br><br>Function: for realizing functions of the wireless communications device<br><br>Structure: none disclosed (Indefinite)<br><br>**Intrinsic Evidence:**<br>Ex. 3 at claim 3, 3:7–26, Figs. 1, 2 & 3 | No separate construction necessary<br><br>Alternatively, if the term is determined to be means-plus-function, it should be construed as follows:<br><br>Function: realizing functions of the communications device<br><br>Structure: hardware and/or software that includes a processor that executes program code accessible from a memory, as disclosed in Figures 1–3 |

| | | and the text of the specification describing those figures<br><br>**Intrinsic Evidence:**<br>Ex. 3 at 3:7–26, Figs. 1, 2 & 3 |
|---|---|---|
| reset procedure<br><br>('913 patent: claims 1 and 3) | a procedure triggered to recover a protocol error in which all state variables, timers and configured values are set to their original states or original configured values, which is different from a reestablishment procedure<br><br>**Intrinsic Evidence:**<br>Ex. 3 at claims 1 and 3, title;<br>Ex. 7 at L2-TCL001017–1026;<br>L2-TCL001223–1232 | No construction is necessary; the proposed phrase is only in the preamble and thus nonlimiting<br><br>In the alternative, if the Court decides that the phrase requires construction, then: "a procedure that includes resetting certain state variables to their original values and resetting configurable parameters"<br><br>**Intrinsic Evidence:**<br>Ex. 3 at 2:7–36; 3:55–4:13 |
| the number of times a RESET protocol data unit (PDU) is scheduled to be transmitted<br><br>('913 patent: claims 1 and 3) | Indefinite<br><br>**Intrinsic Evidence:**<br>Ex. 3 at claims 1 and 3, 3:46-49; 4:3-5; Fig. 3;<br>Ex. 6 at L2-TCL000295-300; L2-TCL000381-384 | TCL has not articulated a basis for its assertion of indefiniteness. L2MT is therefore unable to respond at this time to TCL's indefiniteness assertion; L2MT reserves its right to respond when TCL discloses the basis for its indefiniteness assertion. |

|  |  | No construction is necessary; the proposed term/phrase is not indefinite  **Intrinsic Evidence:** Ex. 3 at 2:7–23 ; Ex. 6 at L2-TCL000024–112; L2-TCL000169–178; L2-TCL000208–214 |
|---|---|---|